UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER FLEECE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-1597-DFH-TAB |
| ) | |
| BFS DIVERSIFIED, LLC d/b/a ) | |
| FIRESTONE INDUSTRIAL ) | |
| PRODUCTS COMPANY, ] | |
| ] | |
| Defendant. ) | |

ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff Jennifer Fleece has asked the court to reconsider one aspect of its decision denying the parties' motions for summary judgment. The issue is which party bears the burden of proving that Fleece's absence from work on the night of September 4-5, 2005 was or was not for a reason that qualifies for leave under the Family and Medical Leave Act. Both parties have briefed the issue.

The issue is not whether Fleece provided adequate notice of her planned or intermittent FMLA leave based on her son's serious health condition. Accordingly, the authorities cited by plaintiff — the Seventh Circuit's decisions in *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 953 (7th Cir. 2004), and *Kauffman v. Federal Express Corp.*, 426 F.3d 880, 885-86 (7th Cir. 2005), and the Department

of Labor regulations such as 29 C.F.R. § 825.305 — do not address the issue before the court.

The issue is a substantive one: did Fleece in fact take and use leave for a purpose protected by the FMLA? Seventh Circuit authority, basic legal principles, and common sense place the burden of proof on the plaintiff to prove the point. That much is evident in *Darst v. Interstate Brands Corp.*, 512 F.3d 903 (7th Cir. 2008), a case involving an employee's claim that he needed and took FMLA leave for treatment of his own serious health condition. In *Darst* there were notice issues, and the Seventh Circuit assumed that the employer had acted improperly with respect to notice. But the notice errors were harmless because the employee "cannot demonstrate that he was actually entitled to FMLA leave." *Id.* at 910. The Seventh Circuit considered whether the employee could demonstrate that he had actually received treatment on the three days in question, since the doctor's records did not reflect any treatment on those days. *Id.* at 911-12.

In *Darst*, the Seventh Circuit did not dwell on the issue of burden of proof, and that is not surprising. The plaintiff has the burden of proving his or her claim. In an FMLA case in which the plaintiff actually took leave, that claim requires proof that the plaintiff was actually entitled to leave. At the risk of being flip, if an employee asks for and receives FMLA leave for treatment of her own health condition, and instead of going for treatment spends the day playing golf, the leave would not be qualified for protection under the FMLA. Similarly, in a

case involving a family member's health condition, if the employee leaves work but does not actually provide assistance with the care of that family member, the leave also would not be qualified for protection under the FMLA. Plaintiff is arguing that in such cases, the burden of proof should be on the employer to show that she did not actually use the leave for a protected reason. That approach is not consistent with *Darst*, with *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1017 (7th Cir. 2000) (to make a claim for interference with rights under the FMLA, the employee "must, as an initial matter, demonstrate that she possessed a right under the Act"), or with the general principle that the plaintiff bears the burden of proving her claim.

Plaintiff's reliance on the proposed pattern jury instructions being developed by Chief Judge Miller's committee is misplaced. The committee has indicated that the FMLA plaintiff bears the burden of showing entitlement to leave. Pattern Inst. No. 2, note a, citing *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir. 1997); *Price v. City of Fort Wayne*, 117 F.3d 1022, 1025 (7th Cir. 1997); and *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999) ("When an employee alleges a deprivation of these substantive guarantees, the employee must demonstrate by a preponderance of the evidence only entitlement to the disputed leave."). That entitlement necessarily includes the actual use of the leave for a protected purpose, and not for some other reason (or no reason).

Regarding defendant's after-acquired evidence, the court agrees with defendant that if plaintiff proves her entitlement to leave, and if this court (or any higher court) agrees that plaintiff was entitled to a fresh twelve weeks of leave on her first anniversary with the employer, then defendant's after-acquired evidence defense could be available to limit damages. On that issue, the defendant will bear the burden of proof. The fact that some of the same evidence might be relevant to both plaintiff's entitlement to FMLA leave and the affirmative defense does not affect the burden of proof as to either issue.

Accordingly, plaintiff's motion to reconsider is hereby denied.

So ordered.

Date: June 17, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com

Timothy Morrison
OFFICE OF THE UNITED STATES ATTORNEY
10 West Market Street, Suite 2100
Indianapolis, Indiana  46204-3048